NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@trialnewport.com
James B. Hardin, Bar No. 205071
jhardin@trialnewport.com
Victoria C. Knowles, Bar No. 277231
vknowles@trialnewport.com
895 Dove Street, Suite 425
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff and the Class

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DAVID VAMVAKIAS, individually, and on behalf of all others similarly situated,

Plaintiff,

vs.

LINCOLN NATIONAL CORPORATION d/b/a LINCOLN FINANCIAL GROUP, an INDIANA corporation; and DOES 1-10, Inclusive,

Defendants.

Case No.: **ED CV 12 - 01776 DDP SPx**

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff DAVID VAMVAKIAS, on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon investigation of counsel, except to his own acts, which he alleges upon personal knowledge.

## I.    PARTIES

1.    Plaintiff David Vamvakias is a resident of San Bernardino County, California.

2.    Defendant Lincoln National Corporation d/b/a Lincoln Financial Group is an Indiana corporation that does business in California.

3.    The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and

1  capacities of the DOE Defendants when such identities become known.

2      4.      At all relevant times, each and every Defendant was acting as an agent and/or

3  employee of each of the other Defendants and was acting within the course and/or scope of said

4  agency and/or employment with the full knowledge and consent of each of the Defendants.  Each of

5  the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each

6  of the other Defendants (Lincoln National Corporation d/b/a Lincoln Financial Group and DOE

7  Defendants will hereafter collectively be referred to as "Defendant").

8          **II.     JURISDICTION AND VENUE**

9      5.      A Court has diversity jurisdiction over this class action pursuant to 28 U.S.C. § 1332 as

10  amended by the Class Action Fairness Act of 2005 because the amount in controversy exceeds

11  $5,000,000, exclusive of interest and costs, and is a class action in which some members of the class

12  are citizens of different states than the Defendant.  *See* 28 U.S.C. §1332(d)(2)(A).

13      6.      This Court also has personal jurisdiction over Defendant because Defendant currently

14  does business in this state.

15      7.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because Defendant is

16  subject to personal jurisdiction in this District and a substantial portion of the conduct complained of

17  herein occurred in this District.

18          **III.     FACTS**

19      8.      In the summer of 2012, Plaintiff called Defendant's customer service telephone number

20  (1-800-454-6265) to inquire about Defendant's life insurance eligibility requirements.  Plaintiff was

21  connected to a customer service representative and they proceeded to have a sensitive, private and

22  confidential discussion wherein Plaintiff first provided his name and social security number and then

23  proceeded to discuss his serious concerns about his ongoing health problems and his eligibility for life

24  insurance.

25      9.      Plaintiff was not aware that the call was being recorded.  Defendant did not, at any

26  point during the telephone conversation with Defendant's customer service representative, advise

27  Plaintiff that the call was being recorded.  Plaintiff did not give either express or implied consent to the

28  recording.

CLASS ACTION COMPLAINT

10.     After completing his call, Plaintiff learned that Defendant records *all* incoming telephone calls but does not disclose this to callers unless specifically asked.  During the course of investigating this matter, but prior to filing this Complaint, an investigator engaged by counsel for Plaintiff contacted Defendant and spoke to a representative names "Sam" and asked (1) whether Defendant records or monitors incoming telephone calls, and (2) whether Defendant discloses such recording or monitoring to callers.  Defendant's customer service representative stated unequivocally, that "all calls are recorded."

11.     Plaintiff expected that his telephone call would be private (i.e., neither recorded nor monitored) due to: (1) the sensitive and confidential nature of the conversation; and (2) Defendant's assurances that it respects the privacy of its customers.  Indeed, Defendant's website assures present and future customers that "*Lincoln Financial Group is committed to keeping the personal information collected about our potential, current and former customers confidential and secure in compliance with state and federal laws.*"[1]

12.     Plaintiff's subjective expectation of privacy was objectively reasonable based upon prevailing societal norms.  Indeed, one recent poll showed that 73% of Americans believe that it is "extremely important" that conversations never be recorded or monitored without the consent of all parties.  *See* Harris Poll #17, March 19, 2003; *see also* Katz, <u>Privacy and Information Technology</u>, Public Opinion Quarterly 54, no. 1 (1990), at 125-143 (concluding that privacy of telephone calls is very important to most Americans and that the idea of secretly recording or monitoring of telephone calls is upsetting to a majority of people).

13.     Accordingly, Plaintiff brings this lawsuit to enjoin the ongoing violations of privacy of hundreds of thousands of people and to recover damages because of this unlawful practice.

## IV.     CLASS ACTION ALLEGATIONS

14.     Plaintiff brings this class action for damages and other monetary relief on behalf of the following class:

> "*All persons located in California whose telephone conversations with*

---

[1]     See  https://www.lfg.com/LincolnPageServer?LFGPage=/lfg/lfgclient/ftr/privacy/index.html (last visited September 25, 2012).

1    *Defendant were intentionally recorded or monitored by*

2    *Defendant without disclosure by Defendant at any time during the*

3    *four years preceding the filing of this Complaint."* (the "Class").

4    15.    Excluded from the Class are governmental entities, Defendant, any entity in which

5    Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal

6    representatives, employees, co-conspirators, successors, subsidiaries, and assigns, and individuals

7    bound by any prior settlement.  Also excluded from the Class is any judge, justice, or judicial officer

8    presiding over this matter and the members of their immediate families and judicial staff.

9    16.    This action is brought and may be properly maintained as a class action pursuant to the

10    provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-(3).  This action satisfies the

11    numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

12    17.    [Fed. R. Civ. P. 23(a)(1)]:  The Class is so numerous that the individual joinder of all of

13    its members is impractical.  While the exact number and identities of Class members are unknown to

14    Plaintiff at this time and can only be ascertained through appropriate discovery of defendant's books

15    and records, Plaintiff is informed and believes the Class includes hundreds of thousands of members.

16    18.    [Fed. R. Civ. P. 23(a)(2)]: Common questions of fact and law exist as to all members of

17    the Class which predominate over any questions affecting only individual members of the Class.

18    These common legal and factual questions, which do not vary from class member to class member,

19    and which may be determined without reference to the individual circumstances of any class member,

20    include, but are not limited to, the following:

21        (a)    Whether Defendant intentionally records or monitors confidential telephone

22        communications;

23        (b)    Whether Defendant obtains consent before intentionally recording or monitoring

24        confidential telephone communications;

25        (c)    Whether Defendant's conduct constitutes a violation of California Penal Code

26        sections 631(a), 632(a), 632.7 and/ or 637;

27        (d)    Whether Defendant's conduct is "unfair" under Bus. & Prof. Code Section

28        17200;

(e)    Whether, as a result of Defendant's misconduct, Plaintiff and the Class are entitled to damages, restitution, equitable relief and other relief, and the amount and nature of such relief.

19.    [Fed. R. Civ. P. 23(a)(3)]: Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been subjected to Defendant's common course of unlawful conduct as complained of herein and are entitled to the same statutory damages based on Defendant's wrongful conduct as alleged herein.

20.    [Fed. R. Civ. P. 23(a)(4)]: Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions who have previously been certified as class counsel in a variety of class action lawsuits in both state and federal court.

21.    [Fed. R. Civ. P. 23(b)(3)]: A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

22.    [Fed. R. Civ. P. 23(b)(1)(A)]: The prosecution of separate actions by hundreds of thousands of individual Class members would create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper notice, which Defendant must provide to all Class members.

23.    [Fed. R. Civ. P. 23(b)(1)(B)]: The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would

1   substantially impair or impede the ability of such non-party Class members to protect their interests.

2   24.   [Fed. R. Civ. P. 23(b)(2)]: Defendant has acted or refused to act in respects generally

3   applicable to the Class, thereby making appropriate final injunctive relief with regard to the members

4   of the Class as a whole.

## V.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Penal Code § 630, et seq.

### (By Class Against All Defendants)

9   25.   Plaintiff incorporates by this reference the allegations contained in the preceding

10  paragraphs above as if fully set forth herein.

11  26.   As part of the California Invasion of Privacy Act, the Legislature enacted section 632 of

12  the California Penal Code in 1967 to address the growing concern that "advances in science and

13  technology have led to the development of new devices and techniques for the purpose of

14  eavesdropping upon private communications and that the invasion of privacy resulting from the

15  continual and increasing use of such devices and techniques has created a serious threat to the free

16  exercise of personal liberties and cannot be tolerated in a free and civilized society." Cal. Penal Code

17  § 630.

18  27.   Section 632 prohibits the non-consensual recording, monitoring, and/or eavesdropping

19  upon confidential telephone communications by means of any electronic amplifying or recording

20  device, including a wiretap.  "Intentional" within the context of section 632 merely requires that a

21  defendant intend that the confidential communication be recorded, monitored, and/or eavesdropped

22  upon. *See People v. Superior Court of Los Angeles County*, 70 Cal. 2d 123, 133 (1969).  No other

23  wrongful or surreptitious intent is required, only that the defendant intended to record the confidential

24  communication is necessary.

25  28.   Plaintiff is informed and believes, and thereon alleges that Defendant knowingly

26  violated Cal. Pen Code § 632 by habitually, and making a practice of, routinely recording, monitoring,

27  and/or eavesdropping upon confidential communications of its customers and potential customers.

28  Such communications are considered to be confidential to those customers and potential customers

who call Defendant because such communications are carried on under circumstances that reasonably indicate that the customer-party to the communication desires it to be confined to them and Defendant.

29.     Plaintiff is informed and believes, and thereon alleges that all of Defendant's employees are trained and/or directed to routinely record or monitor confidential communications with customers and potential customers by means of recording device and/or wiretap. Such employees are agents of Defendant and were acting within the course and scope of employment of Defendant when such confidential communications were recorded, monitored, and/or eavesdropped upon without Plaintiff's or the Class's knowledge.

30.     Plaintiff is informed an believes, and thereon alleges that the foregoing recording, monitoring, and/or eavesdropping on said confidential communications without consent via recording device, including but not limited to wiretapping, constitutes a violation of California Penal Code sections 631(a) and 632.6(a).

31.     Based on the foregoing violations, Plaintiff and members of the Class are entitled to and seek the statutory remedies provided in section 637.2 of the California Penal Code, i.e. $5,000 per statutory violation or three times the amount of actual damages, whichever is higher.

32.     Plaintiff and the Class further seek attorneys' fees pursuant to section 1021.5 of the California Code of Civil Procedure, or any other applicable statute, as this action enforces an important right affecting the public's interest.

## SECOND CAUSE OF ACTION

### Penal Code § 632.7

#### (By Plaintiff Against All Defendants)

33.     Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

34.     Section 632.7 prohibits the intentional, non-consensual recording of a telephone communication without the consent of all parties where at least one party to the conversation is either using a cordless or cellular telephone. No other wrongful or surreptitious intent is required, only that the defendant intended to record the communication.

35.     Plaintiff is informed and believes, and thereon alleges that Defendant knowingly

violated Cal. Pen Code § 632.7 by habitually, and making a practice of, routinely and intentionally recording the cordless and cellular telephone conversations of its customers and potential customers without their consent.

36.   Plaintiff is informed and believes, and thereon alleges that all of Defendant's employees are trained and/or directed to routinely record the cordless and cellular telephone communications with customers and potential customers by means of recording device.   Such employees are agents of Defendant and were acting within the course and scope of employment of Defendant when such communications were intentionally recorded without Plaintiff's or the Class's consent.

37.   Plaintiff is informed and believes, and thereon alleges that the foregoing intentional recording of his and the Class's cellular and cordless telephone conversations without their consent constitutes a violation of California Penal Code sections 632.7.

38.   Based on the foregoing violations, Plaintiff and the Class are entitled to and seek the statutory remedies provided in section 637.2 of the California Penal Code, i.e. $5,000 per statutory violation or three times the amount of actual damages, whichever is higher.

39.   Plaintiff and the Class further seeks attorneys' fees pursuant to section 1021.5 of the California Code of Civil Procedure, or any other applicable statute, as this action enforces an important right affecting the public's interest.

### THIRD CAUSE OF ACTION

### Business and Professions Code § 17200, et seq.

### (By Class Against All Defendants)

40.   Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

41.   California Business and Professions Code § 17200, et seq., (the "Unfair Competition Law" or "UCL") authorizes private lawsuits to enjoin acts of "unfair competition" which includes any unlawful, unfair, or fraudulent business practice.

42.   The UCL imposes strict liability.   Plaintiff need not prove that Defendant intentionally or negligently engaged in unlawful, unfair or fraudulent business practices—but only that such

1  practices occurred.

2        43.    The intentional, routine, and unlawful recording, monitoring, and/or eavesdropping

3  upon Plaintiff and the Class's confidential communications with Defendant via recording device

4  without consent is an unlawful, unfair, and fraudulent business practice as it violates section 630 et

5  seq. of the Penal Code.  These unlawful practices are thus prohibited by the UCL.

6        44.    In carrying out such unlawful business practices, Defendant has violated sections

7  631(a) and 632.6(a) of the California Penal Code, and various other laws, regulations, statutes, and/or

8  common law duties.  Defendant's business practices alleged herein, therefore, are unlawful within the

9  meaning of the UCL.

10        45.    The harm to Plaintiff and members of the public outweighs the utility of Defendant's

11  practices and, consequently, Defendant's practices, as set forth fully above, constitute an unfair

12  business act or practice within the meaning of the UCL.

13        46.    Defendant's practices are additionally unfair because they have caused Plaintiff and the

14  Class substantial injury, which is not outweighed by any countervailing benefits to consumers,

15  Defendant's business, or to competition, and is not an injury the consumers themselves could have

16  reasonably avoided.

17        47.    Defendant's practices, as set forth above, are unlawful business practices because they

18  violate section 630 et seq. of the Penal Code and constitute unscrupulous, unethical, and substantially

19  injurious conduct to consumers.   Consequently, Defendant's practices constitute an unlawful and

20  unfair business practice within the meaning of the UCL.

21        48.    Pursuant to California Business and Professions Code § 17204, an action for unfair

22  competition may be brought by any "person . . . who has suffered injury in fact and has lost money or

23  property as a result of such unfair competition."   Plaintiff and the Class are entitled to statutory

24  damages or three times the amount of actual damages, whichever is higher, pursuant to section

25  637.2(a) and as such have suffered harm within the meaning of section 630 et seq. of the Penal Code.

26        49.    The unlawful, unfair, and fraudulent business practices of Defendant are ongoing and

27  present a continuing threat to members of the public.

28        50.    Pursuant to the UCL, Plaintiff and the Class are entitled to and seek preliminary and

CLASS ACTION COMPLAINT

permanent injunctive relief ordering Defendant to cease these unlawful business practices.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for relief and judgment as follows:

1.    For preliminary and permanent injunctive relief enjoining Defendant, its agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unfair, unlawful and/or fraudulent business practices alleged above and that may yet be discovered in the prosecution of this action;

2.    For certification of the putative class;

3.    For restitution and disgorgement of all money or property wrongfully obtained by Defendant by means of its herein-alleged unlawful, unfair, and fraudulent business practices;

4.    For an accounting by Defendant for any and all profits derived by Defendant from its herein-alleged unlawful, unfair, and/or fraudulent conduct and/or business practices;

5.    An award of statutory damages of $5,000 per violation pursuant to section 637.2(a) of the Penal Code;

6.    An award of general damages according to proof;

7.    An award of special damages according to proof;

8.    An award of exemplary damages;

9.    For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, Code of Civil Procedure §1021.5 and the common law private attorney general doctrine;

10.    For costs of suit; and

11.    For such other and further relief as the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

CLASS ACTION COMPLAINT

1

**DEMAND FOR JURY TRIAL**

2        Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this

3   lawsuit.

4

Dated:  October 16, 2012                    NEWPORT TRIAL GROUP
5                                            A Professional Corporation
                                             Scott J. Ferrell
6

7

8                                            By:_____
                                                Scott J. Ferrell
9                                               Attorney for Plaintiff and the Class

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Sheri Pym.

The case number on all documents filed with the Court should read as follows:

## EDCV12- 1776 DDP (SPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

Name & Address: NEWPORT TRIAL GROUP
Scott J. Ferrell, Bar No. 202091
James B. Hardin, Bar No. 205071
Victoria C. Knowles, Bar No. 277231
895 Dove Street, Suite 425
Newport Beach, Ca 92660

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| DAVID VAMVAKIAS, individually, and on behalf of all others similarly situated, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | ED CV 12 - 01776 DDP SPx |
| LINCOLN NATIONAL CORPORATION d/b/a LINCOLN FINANCIAL GROUP, an INDIANA corporation; and DOES 1-10, Inclusive, DEFENDANT(S). | SUMMONS |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Newport Trial Group_____, whose address is _895 Dove Street, Suite 425, Newport Beach, CA 92660_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**TERRY NAFISI**
Clerk, U.S. District Court

Dated: ___OCT 16 2012___

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (10/11)                                          SUMMONS

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
DAVID VAMVAKIAS, individually, and on behalf of all others similarly situated,

**DEFENDANTS**
LINCOLN NATIONAL CORPORATION d/b/a LINCOLN FINANCIAL GROUP, an INDIANA corporation; and DOES 1-10, Inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
NEWPORT TRIAL GROUP, 895 Dove Street, Suite 425, Newport Beach, CA 92660
Tel; (949) 706-6464   Fax (949)706-6469

Attorneys (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No       ☑ **MONEY DEMANDED IN COMPLAINT: $** TBD

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28USC §§1332 and 1391,

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS — PERSONAL INJURY | TORTS — PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | IMMIGRATION | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

ED CV 12 - 01776 DDP SPx

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

OCT 16 2012

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| DAVID VAMVAKIAS, San Bernardino County, CA | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | LINCOLN NATIONAL CORPORATION d/b/a LINCOLN FINANCIAL GROUP - Allen County, Indiana |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff's Claim - San Bernardino County, CA | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date October 16, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |